[Cite as *State v. Hair*, 2016-Ohio-2679.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2015-08-158 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>4/25/2016 |
| - vs - | : | |
| | : | |
| CHRISTOPHER JOHN HAIR, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-02-0217

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michael R. Haas, 404 East 12th Street, 2nd Floor, Cincinnati, Ohio 45202, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Christopher Hair, appeals a decision of the Butler County Court of Common Pleas convicting him of obstructing official business, resisting arrest, illegal use or possession of drug paraphernalia, and driving under a suspension.

{¶ 2} Appellant was charged with a number of offenses as a result of his actions during a traffic stop by a Butler County Sheriff's deputy. Appellant challenged the propriety of

the initial stop in a motion to suppress. After a hearing, the trial court found the deputy's stop was proper and denied the motion to suppress. A jury found appellant guilty as charged and he was sentenced accordingly.

{¶ 3} On appeal, appellant challenges the trial court's decision to deny his motion to suppress and raises one assignment of error for our review:

{¶ 4} THE TRIAL COURT ERRED BY OVERRULING DEFENDANT-APPELLANT['']S MOTION TO SUPPRESS.

{¶ 5} The Fourth Amendment protects individuals from unreasonable government searches and seizures. *United States v. Hensley*, 469 U.S. 221, 105 S.Ct 675 (1985). It is well-established that a police officer may stop motorists in order to investigate a reasonable suspicion of criminal activity. *Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999). To justify an intrusion, an officer must demonstrate "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868 (1968). This determination involves consideration of "the totality of the circumstances." *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690 (1981). The stop must be "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *State v. Freeman*, 64 Ohio St.2d 291, 295 (1980).

{¶ 6} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12. As the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility and a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Oatis*, 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038, ¶ 10. "An appellate court, however, independently reviews the trial court's legal conclusions, based on those facts and determines, without

deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Cochran* at ¶ 12.

{¶ 7} The sole witness at the suppression hearing was the deputy who stopped appellant's vehicle. The deputy testified that on the night of the traffic stop, he was in uniform and in a marked police cruiser. He further testified that he was on special assignment in the area along Cincinnati-Dayton Road, in the Route 129 area, due to a recent spate of break-ins to area businesses. He indicated that the description given to law enforcement in one of the break-ins involved a small, four-door car occupied by a male and a female.

{¶ 8} On the night of the stop, the deputy was parked in a shopping area near Hot Head Burritos and Caravelle Nail Salon, two businesses which had been broken into recently. He indicated that from where his cruiser was parked, he had a good view of the back of the building. The deputy observed appellant drive a smaller four-door vehicle into the rear area of the building. Appellant parked near a dumpster and right behind the employee entrance, in an area not visible from the street. It was midnight and none of the businesses in the area were open.

{¶ 9} The deputy turned on his headlights and appellant immediately put his vehicle in reverse and exited the parking lot onto the street. When appellant pulled out, the deputy observed that a male and female occupied the vehicle. The deputy pulled behind appellant, turned on the cruiser's lights and sirens, and stopped the vehicle. Appellant refused to get out of the car or to give the deputy his identification. Appellant's actions and refusal to cooperate after the initial stop of his vehicle led to his arrest and the filing of charges.

{¶ 10} The trial court considered the evidence presented at the suppression hearing and found the deputy's testimony was credible. The court determined that the deputy had reasonable articulable suspicion to stop appellant's vehicle. On appeal, appellant argues that the deputy did not observe any criminal acts or traffic violations and was not aware of any

warrants associated with appellant's vehicle. Appellant further contends that the deputy did not provide any specific information, including the dates or locations of break-ins, documentation or reports of the break-ins, an age of the suspects, or the make and model of the car.

{¶ 11} However, we find no merit to appellant's arguments. A *Terry* stop is investigatory, and therefore reasonable suspicion may be based on behavior that is not illegal. *United States v. Sokolow*, 490 U.S. 1, 9, 109 S.Ct. 1581 (1989). After reviewing the facts presented at the suppression hearing, we find the deputy had reasonable, articulable suspicion to stop appellant's vehicle. Although, as appellant argues, none of his actions were illegal, taken together they amount to reasonable articulable suspicion.

{¶ 12} Appellant was observed pulling into a shopping area at midnight when none of the businesses were open, in an area where numerous break-ins had recently occurred. Appellant pulled around to the back of the building and parked in an area obscured from the road, near a dumpster and the employee entrance. When the deputy turned on his headlights, appellant immediately backed out of the parking space and began to leave. The deputy observed a man and woman in a small, four-door vehicle, matching the description given to police. These facts provided a basis for the deputy to perform an investigatory stop in order to confirm or dispel the suspicion of criminal activity.

{¶ 13} Although appellant argues the deputy did not provide specific information, such as the dates and locations of all of the break-ins, age of the suspects, and make and model of the car, these facts were not necessary in order to establish reasonable, articulable suspicion. The deputy testified that he was on special assignment to the area because of numerous break-ins, and that two of the businesses in the area of where he was parked had been broken into recently.

{¶ 14} The state admitted an aerial photograph of the area, and the deputy pointed out where he was located, the two businesses near where he was parked, and the location of a Penn Station which had been broken into. He also indicated another area nearby where multiple break-ins had occurred and indicated that he was concentrating on those areas that evening. The deputy further testified that he was working the night of another break-in in the area, at Ely's bar. These facts, along with appellant's actions, were sufficient to establish reasonable articulable suspicion to stop appellant's vehicle.

{¶ 15} Because the court did not err in denying appellant's motion to suppress, the sole assignment of error is overruled.

{¶ 16} Judgment Affirmed.

RINGLAND and HENDRICKSON, JJ., concur.